IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID U. STANLEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SANTANDER CONSUMER USA, INC., )<br>et al., )<br>)<br>Defendants. ) | No. 20-cv-05823<br><br>Judge Andrea R. Wood |

## MEMORANDUM OPINION AND ORDER

Plaintiff David U. Stanley alleges that he was driving his 2014 BMW 650M when he was pulled over by Chicago Police Department officers. Unbeknownst to Stanley, an individual had recently sent a letter in his name to Defendant Santander Consumer USA, Inc. ("Santander"), the company that financed Stanley's purchase of the BMW, asserting that Stanley had repaid the loan for the BMW in full and requesting that Santander release its lien on the vehicle. According to Stanley, because the loan had not, in fact, been repaid in full, Santander reported the letter to law enforcement, who flagged the BMW as stolen. Consequently, the officers who stopped Stanley believed he was driving a stolen vehicle and arrested him. Stanley contends that his arrest violated his rights under the United States Constitution and Illinois state law, and thus he has brought this lawsuit against Santander and one of its employees, Heather Beltran ("Santander Defendants"); Chicago Police Department officers M.K. Ferguson, J.C. Cooper, and L.J. Wade ("Officer Defendants"); and the City of Chicago ("City"). Now before the Court are two motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)—one brought by Santander Defendants (Dkt. No. 16) and the other by Officer Defendants and the City (Dkt. No. 35). For the following reasons, both motions are granted.

**BACKGROUND**

For the purposes of the motions to dismiss, the Court accepts all well-pleaded facts in the complaint as true and views those facts in the light most favorable to Stanley as the non-moving party. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The complaint alleges as follows.

In April 2019, Stanley purchased a 2014 BMW 650M and arranged financing through Santander. (Compl. ¶¶ A–B, Dkt. No. 1-1.) At some point thereafter, an unidentified individual falsely claiming to be Stanley sent a letter to Santander asserting that he had repaid the loan for the BMW and requesting that Santander deliver to him the title to the vehicle and a waiver of its lien. (*Id.* ¶¶ C, 7.) Contrary to the letter's assertion, however, Stanley had not paid off the loan and was continuing to make timely payments. (*Id.* ¶ C.) Consequently, Santander notified the Illinois Secretary of State Police on August 5, 2019 that Stanley had submitted a fraudulent lien release letter and reported the BMW as stolen. (*Id.* ¶¶ 2, 15.)

Stanley was driving the BMW on August 22, 2019, when Officer Defendants[1] ran a license plate registration check on the vehicle. (*Id.* ¶¶ D, 1–2, 14–15.) That check revealed that the Illinois Secretary of State Police had issued a stop order on the BMW because it had been reported stolen. (*Id.*) For that reason, Officer Defendants pulled Stanley over and ultimately arrested him. (*Id.* ¶¶ D–E, 1–3, 15.) Initially, Stanley was charged with the felony offense Theft of a Vehicle. (*Id.* ¶ 15.) However, an Assistant State's Attorney reviewed the arrest and declined to

---

[1] While Stanley names three Chicago Police Department officers as Defendants, other than alleging that Cooper was the arresting officer (Compl. ¶ 15), the complaint contains no specific allegations as to any officer's conduct. Instead, Stanley refers generally to conduct undertaken by the Chicago Police Department. For purposes of this motion to dismiss only, the Court attributes that conduct to Officer Defendants, collectively.

approve the felony charge after finding that the BMW was registered in Stanley's name. (*Id.* ¶¶ F, 4, 16.)

Despite the Assistant State's Attorney's refusal to approve felony charges, Officer Defendants pursued a misdemeanor charge of Criminal Trespass to a Vehicle against Stanley. (*Id.* ¶¶ G, 4, 16.) Defendant Beltran, an employee of Santander, initiated the misdemeanor charge by filing a complaint alleging that Santander received a fraudulent lien release letter from Stanley. (*Id.* ¶¶ G, 4, 7, 16.) As a result of the misdemeanor charge, Stanley was detained until he successfully posted bond, and his BMW was seized and turned over to the Illinois Secretary of State Police. (*Id.* ¶¶ I, 5–6, 8, 17.) Stanley retained an attorney to defend against the misdemeanor charge. (*Id.* ¶¶ I, 17–18.) Eventually, the charge was voluntarily dismissed by the Cook County State's Attorney's Office. (*Id.* ¶¶ H, 18.) However, Stanley was unable to recover his BMW because, following its seizure, Santander repossessed the vehicle and disposed of it. (*Id.* ¶ 8.)

## DISCUSSION

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Stanley's complaint sets out claims against Officer Defendants pursuant to 42 U.S.C. § 1983 for false arrest (Count I), conspiracy (Count II), and failure-to-intervene (Count III). In

3

addition, Stanley asserts state-law claims against all Defendants for false arrest (Count IV), malicious prosecution (Count V), and civil conspiracy (Count VI) against all Defendants.[2] Together, Defendants' motions seek dismissal of all claims.

## I. False Arrest

Stanley claims that, despite being the registered owner of the BMW, he was arrested for driving the vehicle because Officer Defendants erroneously believed that it was stolen. Their belief was founded on a stop order issued after Santander Defendants reported the vehicle as stolen. Yet even after an Assistant State's Attorney refused to pursue felony charges, Defendants continued to pursue charges against Stanley, resulting in a second arrest. Thus, Stanley seeks to hold both Santander Defendants and Officer Defendants liable for false arrest. The Court separately addresses Santander Defendants' and Officer Defendants' arguments for dismissal of the false arrest claims.

### A. Santander Defendants

To state a claim for false arrest under Illinois state law, a plaintiff must allege "restraint or arrest caused or procured by the defendant, without his having reasonable grounds to believe that an offense was committed by the plaintiff." *Johnson v. Target Stores, Inc.*, 791 N.E.2d 1206, 1220 (Ill. App. Ct. 2003). An employer can be held liable "when the employer's agent causes an unwarranted arrest of a third person." *Carey v. K-Way, Inc.*, 728 N.E.2d 743, 746–47 (Ill. App. Ct. 2000). Stanley contends that Santander Defendants are liable for his false arrest because they falsely reported the BMW as stolen, which led to his initial arrest. Subsequently, Santander's agent, Beltran, filed the complaint underlying his second arrest on the misdemeanor charge.

---

[2] Stanley also brings an indemnification claim against Defendant City of Chicago, in its capacity as employer of Officer Defendants (Count VII). If the claims against Officer Defendants are dismissed, then the indemnification claim against the City follows. *E.g.*, *Bradford v. City of Chicago*, No. 16 CV 1663, 2021 WL 1208958, at *9 (N.D. Ill. Mar. 31, 2021).

In seeking dismissal of this claim, Santander Defendants first argue that because they only gave information to law enforcement, they cannot be found to have procured Stanley's arrest. It is true that Illinois courts generally find that "the mere act of giving information to the police is insufficient in itself to constitute participation in an arrest." *Dutton v. Roo-Mac, Inc.*, 426 N.E.2d 604, 608 (Ill. App. Ct. 1981). Rather, a private defendant is liable only if they "either (1) directed the officer to arrest the plaintiff; or (2) procured the arrest by giving information that was the sole basis for the arrest." *Randall v. Lemke*, 726 N.E.2d 183, 186 (Ill. App. Ct. 2000). Here, Stanley does not allege that Santander Defendants affirmatively directed Officer Defendants to arrest him. Yet, as alleged, Santander Defendants were the sole source of information that was the basis for Stanley's arrest. For that reason, the Court cannot conclude that Santander Defendants did not procure Stanley's arrest.

Nonetheless, the complaint contains no allegations that would allow the Court plausibly to infer that Santander Defendants lacked a reasonable belief that Stanley had committed an offense. To the contrary, Stanley alleges that Santander Defendants received a letter purporting to be authored by Stanley making the false claim that he had paid off the loan Santander extended him to purchase his BMW. Nothing in the complaint suggests that Santander Defendants had any reason to believe that the letter was sent by an imposter. Stanley argues that, given their auto financing experience, Santander Defendants knew or should have known that Stanley was the actual owner of the BMW. But the concern raised by the fraudulent lien release letter was not that the BMW was in the possession of someone other than its registered owner; rather, the concern was that Stanley, the registered owner, was trying to avoid repaying the loan on his vehicle by fraud. As alleged, the only plausible inference to be drawn from the complaint is that Santander

5

Defendants had adequate reason to believe that Stanley was trying to defraud them. Moreover, Stanley does not allege that Santander Defendants learned that the lien release letter had been forged before Beltran filed the complaint underlying the misdemeanor charge such that he could state a claim against them based on his second arrest.

Accordingly, the state-law false arrest claims as to Santander Defendants fail as a matter of law based on the allegations of Stanley's own complaint.

### B. Officer Defendants

In addition to naming Officer Defendants in the state-law false arrest claim, Stanley also brings a false arrest claim against them under § 1983, arguing that Officer Defendants detained him in violation of his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution. A § 1983 false-arrest claim requires a plaintiff to show that there was no probable cause for his arrest. *Neita v. City of Chicago*, 830 F.3d 494, 497 (7th Cir. 2016). This probable cause requirement essentially mirrors the Illinois false-arrest claim's requirement that the plaintiff show that the defendant acted without reasonable grounds to believe that the plaintiff committed an offense. *See Ross v. Mauro Chevrolet*, 861 N.E.2d 313, 317 (Ill. App. Ct. 2006).

"Probable cause to justify an arrest exists if the totality of the facts and circumstances known to the officer at the time of the arrest would warrant a reasonable, prudent person in believing that the arrestee had committed, was committing, or was about to commit a crime." *Abbott v. Sangamon County*, 705 F.3d 706, 714 (7th Cir. 2013). Probable cause does not mean "certainty" and "[p]olice are entitled to act on information that may be inaccurate and let the courts determine whether to credit a suspect's claim of innocence." *Hernandez v. Sheahan*, 455 F.3d 772, 775 (7th Cir. 2006). The fact that the person is later found not to have committed a

crime does not necessarily mean that the arrest was unlawful. *See Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998).

Here, accepted as true, Stanley's allegations show that Officer Defendants had sufficient probable cause for their initial arrest of Stanley. After running a check on the BMW's license plate, Officer Defendants learned that the vehicle was reported as stolen. That information came from LEADS, Illinois's criminal information database.[3] *See, e.g.*, *Dakhlallah v. Zima*, 42 F. Supp. 3d 901, 908–09 (N.D. Ill. 2014) ("[A] reasonable arresting officer would have relied on LEADS, an official government database, in making a probable cause determination . . . ."). Thus, at the time that Stanley was first arrested, Officer Defendants had facts before them showing that he was driving a stolen vehicle. Stanley does not allege that they had any reason to doubt the veracity of that information. Instead, he argues that Officer Defendants should have conducted a further investigation, which would have revealed that Stanley was the BMW's registered owner. However, "[o]nce a police officer discovers sufficient facts to establish probable cause, [he] has no constitutional obligation to conduct any further investigation in the hope of discovering exculpatory evidence." *Hodgkins ex rel. Hodgkins v. Peterson*, 355 F.3d 1048, 1061 (7th Cir. 2004); *see also Hernandez*, 455 F.3d at 775 ("[P]olice may act on the basis of inculpatory evidence without trying to tote up and weigh all exculpatory evidence.").

Next, Stanley argues that the Assistant State's Attorney's refusal to pursue the felony charge deprived Officer Defendants of probable cause to pursue the misdemeanor charge. But the complaint contains no allegations concerning whether the Assistant State's Attorney ever communicated his rationale for not approving the felony charge to Official Defendants such that they had reason to question the basis for the misdemeanor charge. Contrary to Stanley's assertion,

---

[3] LEADS is an acronym for Law Enforcement Agencies Data System.

the Court does not find it reasonable to infer solely from the fact that the Assistant State's Attorney declined to pursue the felony charge that Officer Defendants knew or should have known that there was no basis to pursue a lesser misdemeanor charge. Again, as alleged, Officer Defendants acted on information supplied to them by Santander Defendants that Officer Defendants had no reason to question.

To the extent Stanley argues that Officer Defendants did not have probable cause to arrest him on the misdemeanor charge because they knew by that time that Stanley was the registered owner of the BMW, his argument is unavailing. As discussed above, Stanley fails to explain adequately why his ownership of the vehicle would absolve him of charges stemming from what Officer Defendants reasonably believed was his fraudulent claim of having made full payment of the loan. Put another way, Stanley's allegations do not show that, all other things being the same, Stanley could not have been charged with any criminal offense had he actually written the letter. Thus, Stanley fails to state a false arrest claim based on the Fourth Amendment or Illinois state law against Officer Defendants. And because Stanley's § 1983 failure to intervene and conspiracy claims are derivative of his § 1983 false arrest claim, those claims are also dismissed. *See Gill v. County of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017) (dismissing related § 1983 conspiracy and failure-to-intervene claims where the underlying § 1983 false arrest claims failed).

## II. Malicious Prosecution

Stanley also brings a state-law claim for malicious prosecution against Defendants for instituting and continuing proceedings on the misdemeanor charge. To state a malicious prosecution claim in Illinois, a plaintiff must plead: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the

presence of malice; and (5) damages." *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 922 (7th Cir. 2001). Failure to plead even one element adequately will preclude recovery for malicious prosecution. *Id.*

The Court finds that Stanley has failed to plead the absence of probable cause for the misdemeanor charge. "In the context of a malicious prosecution case, probable cause is defined as a state of facts that would lead a person of ordinary care and prudence to believe or to entertain an honest and sound suspicion that the accused committed the offense charged." *Sang Ken Kim v. City of Chicago*, 858 N.E.2d 569, 575 (Ill. App. Ct. 2006). What matters is that the person commencing the prosecution honestly believes that the accused is probably guilty of the offense rather than "the actual facts of the case or the guilt or innocence of the accused." *Id.* at 574. Thus, "a mistake or error that is not grossly negligent will not affect the question of probable cause." *Id.* at 574–75. Given the Court's conclusion above that Officer Defendants had probable cause to arrest Stanley and that Santander Defendants had reasonable grounds to believe that Stanley had committed an offense, the Court cannot conclude that Defendants lacked probable cause to commence the misdemeanor proceeding. For that reason, the malicious prosecution claim is dismissed as well.

### III. State-Law Civil Conspiracy

A civil conspiracy claim "cannot stand where there are no underlying intentional torts that defendants could have conspired to perform." *Farwell v. Senior Servs. Assocs., Inc.*, 970 N.E.2d 49, 58 (Ill. App. Ct. 2012). Because the state-law false arrest and malicious prosecution claims underlying Stanley's state-law conspiracy claim have been dismissed, the conspiracy claim must be dismissed as well. *See, e.g.*, *Estate of Brown v. Arc Music Grp.*, 830 F. Supp. 2d 501, 510

(N.D. Ill. 2011) ("[The plaintiff] has failed to allege adequately any of the tort claims underlying the alleged civil conspiracy, so it cannot stand.").

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (Dkt. Nos. 16, 35) are granted and Stanley's complaint is dismissed without prejudice in its entirety. Stanley is granted leave to file an amended complaint that remedies the pleading deficiencies discussed in this opinion within twenty-one days. If Stanley declines to file an amended complaint within that time, this case will be dismissed with prejudice and final judgment will be entered in favor of Defendants.

ENTERED:

Dated: September 17, 2021

_____
Andrea R. Wood
United States District Judge