**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID U. STANLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20-cv-05823 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| SANTANDER CONSUMER USA, INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

With his original complaint dismissed for failure to state a claim, Plaintiff David U. Stanley has filed an amended complaint in an attempt to remedy the deficiencies in his federal and state-law claims arising out of a April 2019 traffic stop. Stanley alleges that he was pulled over by Chicago Police Department ("CPD") officers after someone sent a letter in his name to Defendant Santander Consumer USA, Inc. ("Santander"), the company that financed Stanley's vehicle purchase, asserting that he had repaid his car loan in full and requesting that Santander release its lien on the vehicle. According to Stanley, because the loan had not, in fact, been repaid in full, Santander reported the letter to law enforcement, who flagged his car as stolen. Consequently, CPD officers, believing Stanley was driving a stolen vehicle, arrested him and sought to charge him with a felony offense. Although the felony charge was dropped, a Santander employee, Defendant Heather Beltran, subsequently filed a misdemeanor complaint, leading to Stanley being arrested again. Stanley contends that this second arrest violated his rights under the United States Constitution and Illinois state law. Thus, he has sued Santander and Beltran ("Santander Defendants"); CPD officers M.K. Ferguson, J.C. Cooper, and L.J. Wade ("Officer Defendants"); and the City of Chicago ("City"). Now before the Court are two motions to dismiss the amended

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)—one brought by Santander Defendants (Dkt. No. 58) and the other by Officer Defendants and the City (Dkt. No. 60). For the following reasons, both motions are granted.

## BACKGROUND

For the purposes of the motions to dismiss, the Court accepts all well-pleaded facts in the amended complaint as true and views those facts in the light most favorable to Stanley as the non-moving party. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The amended complaint alleges as follows.

In April 2019, Stanley purchased a 2014 BMW 650M and arranged financing through Santander. (Am. Compl. ¶¶ A–B, Dkt. No. 56.) At some point thereafter, an unidentified individual falsely claiming to be Stanley sent a letter to Santander asserting that he had repaid the loan for the BMW and requesting that Santander deliver to him the title to the vehicle and a waiver of its lien. (*Id.* ¶¶ C, 7.) Contrary to the letter's assertion, however, Stanley had not paid off the loan and was continuing to make timely payments. (*Id.* ¶ C.) Consequently, Santander notified the Illinois Secretary of State Police on August 5, 2019, that Stanley had submitted a fraudulent lien release letter and reported the BMW as stolen. (*Id.* ¶¶ 2, 15.)

Stanley was driving the BMW on August 22, 2019, when Officer Defendants[1] ran a license plate registration check on the vehicle. (*Id.* ¶¶ D, 1–2, 15–16.) That check revealed that the Illinois Secretary of State Police had issued a stop order on the BMW because it had been reported stolen. (*Id.*) For that reason, Officer Defendants pulled Stanley over and ultimately arrested him. (*Id.* ¶¶ D–E, 1–3, 16.) Initially, Officer Defendants sought to charge Stanley with

---

[1] While Stanley names three CPD officers as Defendants, other than alleging that Cooper was the arresting officer (Am. Compl. ¶ 16), the amended complaint (like the original complaint) contains no specific allegations as to any individual officer's conduct. Instead, Stanley refers generally to conduct undertaken by the CPD. For purposes of the motions to dismiss only, the Court attributes that conduct to Officer Defendants collectively.

the felony offense of Possession of a Stolen Motor Vehicle. (*Id.* ¶¶ F, 16.) However, an Assistant State's Attorney ("ASA") reviewed the arrest and declined to approve the felony charge. (*Id.* ¶¶ F, 4, 17.) Specifically, the ASA advised the CPD that she was not approving the felony charge because the BMW was registered in Stanley's name, the fraudulent lien release letter was not relevant proof that Stanley was in possession of a stolen motor vehicle, and she lacked sufficient proof that Stanley had authored the lien release letter. (*Id.*)

Despite the ASA's refusal to approve felony charges, Officer Defendants subsequently charged Stanley with the misdemeanor of Criminal Trespass to Vehicles. (*Id.* ¶¶ G, 4, 17.) Defendant Beltran, an employee of Santander, initiated the misdemeanor charge by filing a complaint alleging that Santander received a fraudulent lien release letter from Stanley. (*Id.* ¶¶ G, 4, 7, 17.) As a result of the misdemeanor charge, Stanley was detained until he successfully posted bond, and his BMW was seized and turned over to the Illinois Secretary of State Police. (*Id.* ¶¶ I, 5–6, 8, 18.) Stanley retained an attorney to defend against the misdemeanor charge. (*Id.* ¶¶ I, 18.) Eventually, the charge was voluntarily dismissed by the Cook County State's Attorney's Office. (*Id.* ¶¶ H, 19.) However, Stanley was unable to recover his BMW because, following its seizure, Santander repossessed the vehicle and disposed of it. (*Id.* ¶ 8.)

As a result of Defendants' conduct, Stanley filed the present lawsuit. Stanley's amended complaint asserts claims against Officer Defendants pursuant to 42 U.S.C. § 1983 for false arrest (Count I), conspiracy (Count II), and failure to intervene (Count III). In addition, Stanley asserts state-law claims against all Defendants for false arrest (Count IV), malicious prosecution (Count V), and civil conspiracy (Count VI).[2] The Court previously dismissed Stanley's original

---

[2] Stanley also asserts an indemnification claim against the City, in its capacity as employer of Officer Defendants (Count VII). If the claims against Officer Defendants are dismissed, then the indemnification claim against the City follows. *E.g.*, *Bradford v. City of Chicago*, No. 16 CV 1663, 2021 WL 1208958, at *9 (N.D. Ill. Mar. 31, 2021).

complaint asserting those same claims for failure to state a claim. (Dkt. Nos. 53, 54.) Specifically, the Court concluded that Stanley's false arrest and malicious prosecution claims failed because he did not plausibly allege that any Defendant lacked a reasonable belief or probable cause to believe that he had committed a criminal offense. And because Stanley failed to plead any underlying offense, the remaining conspiracy, failure-to-intervene, and indemnification claims also failed as a matter of law. The Court dismissed the original complaint without prejudice, and Stanley subsequently availed himself of the opportunity to file an amended complaint. Once again, Defendants have moved for dismissal for all Stanley's claims.

## DISCUSSION

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### I.    False Arrest

In his original complaint, Stanley sought to hold Santander Defendants and Officer Defendants liable for false arrest in connection with both the first arrest on the felony charge following the stop of Stanley's BMW and the second arrest resulting from Defendants' decision to pursue a misdemeanor charge. By contrast, in his amended complaint, Stanley focuses solely

4

on his arrest for the misdemeanor charge. The Court separately addresses Santander Defendants' and Officer Defendants' arguments for dismissal of the respective false arrest claims.

### A.      Officer Defendants

Stanley again pursues both state-law and § 1983 false arrest claims against Officer Defendants. A § 1983 false arrest claim requires a plaintiff to show that there was no probable cause for his arrest. *Neita v. City of Chicago*, 830 F.3d 494, 497 (7th Cir. 2016). This probable cause requirement essentially mirrors the Illinois false arrest claim's requirement that the plaintiff show that the defendant acted without reasonable grounds to believe that the plaintiff committed an offense. *See Ross v. Mauro Chevrolet*, 861 N.E.2d 313, 317 (Ill. App. Ct. 2006).

"Probable cause to justify an arrest exists if the totality of the facts and circumstances known to the officer at the time of the arrest would warrant a reasonable, prudent person in believing that the arrestee had committed, was committing, or was about to commit a crime." *Abbott v. Sangamon County*, 705 F.3d 706, 714 (7th Cir. 2013). Probable cause does not mean "certainty" and "[p]olice are entitled to act on information that may be inaccurate and let the courts determine whether to credit a suspect's claim of innocence." *Hernandez v. Sheahan*, 455 F.3d 772, 775 (7th Cir. 2006). That the person is later found not to have committed a crime does not necessarily mean that the arrest was unlawful. *See Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998).

In dismissing the original complaint's false arrest claims against Officer Defendants, the Court first found that Officer Defendants had probable cause for their initial arrest, given that their license plate check of Stanley's BMW revealed that the vehicle had been reported stolen. Further, the Court concluded that the ASA's refusal to pursue the felony charge did not deprive Officer Defendants of probable cause to pursue the misdemeanor charge because the complaint

contained no allegations about what the ASA told Officer Defendants with respect to her decision
not to approve the felony charge. Thus, Stanley's allegations revealed no reason for Officer
Defendants to question the basis for their arrest of Stanley on the misdemeanor charge. Now, in
his amended complaint, Stanley alleges "upon information and belief"[3] that the ASA told the CPD
that she was declining to approve a felony charge of Possession of a Stolen Motor Vehicle against
Stanley because she did not believe that the fraudulent lien release letter was probative evidence
as to whether Stanley committed the felony and she lacked sufficient proof that Stanley authored
the lien release letter. (Am. Compl. ¶¶ F, 4, 17.) Stanley alleges only that the ASA communicated
her decision to CPD rather than to any specific Officer Defendant.

Even assuming that Officer Defendants knew the ASA's specific reasons for not
approving the felony charge, that would not establish that Officer Defendants lacked probable
cause to arrest Stanley on the misdemeanor charge. Since the misdemeanor charge was for
Criminal Trespass to Vehicles, a lesser-included offense of the felony charge of Possession of a
Stolen Motor Vehicle, *People v. Cook*, 665 N.E.2d 299, 301 (Ill. App. Ct. 1995), there will
necessarily be instances where a person whose conduct does not amount to a felony will
nonetheless be guilty of the misdemeanor. *Cf. People v. Medina*, 851 N.E.2d 1220, 1226 (Ill.
2006) ("A defendant is entitled to a lesser-included offense instruction only if the evidence at trial

---

[3] Officer Defendants argue that Stanley's allegations made "upon information and belief" fail to provide
adequate factual support for his false arrest claims. However, Officer Defendants are incorrect in asserting
that allegations made upon information and belief are always insufficient to state a claim. Even the case
they cite for support acknowledges that "information and belief allegations are perfectly fine in appropriate
circumstances, where the basis for the contention is not something properly within plaintiff's personal
knowledge." *Brickstructures, Inc. v. Coaster Dynamix, Inc.*, No. 16 CV 10969, 2017 WL 4310671, at *4
(N.D. Ill. Sept. 28, 2017). Rather, it is only "where something is alleged which should be within a
plaintiff's personal knowledge [that] an information and belief allegation thrusts the complaint into the
realm of speculation." *Id.* Officer Defendants make no attempt to explain why the ASA's rationale for her
decision not to pursue the felony charge should be within Stanley's personal knowledge. The Court does
not believe that Stanley would have personal knowledge of the ASA's deliberative process, and therefore
such information may appropriately be alleged upon information and belief.

is such that a jury could rationally find the defendant guilty of the lesser offense, yet acquit him of the greater."). Here, the key difference between the felony offense and the misdemeanor offense is that the felony offense requires the State to prove that the defendant possessed the vehicle knowing it had been stolen. *See People v. Owens*, 563 N.E.2d 75, 77 (Ill. App. Ct. 1990), *abrogated on other grounds by People v. Thomas*, 664 N.E.2d 76 (Ill. 1996). Thus, Officer Defendants may reasonably have believed that the ASA declined to approve the felony charge because the evidence failed to demonstrate that Stanley knew the vehicle had been stolen. Stanley also emphasizes the amended complaint's new allegation that the ASA informed the CPD that she had insufficient proof that Stanley authored the lien release letter. But it does not follow from that allegation, even drawing all inferences in favor of Stanley, that Officer Defendants did not have probable cause to arrest Stanley on the misdemeanor charge because they knew that the ASA did not believe that she had enough proof that Stanley wrote the lien release letter. Insufficient proof of Stanley's authorship does not equal affirmative proof that Stanley did not author the letter. As prosecutor, the ASA "enjoys a wide discretion in both the initiation and the management of criminal litigation and that discretion includes the decision whether to initiate any prosecution at all." *People v. O'Mahoney*, 523 N.E.2d 635, 638 (Ill. App. Ct. 1988). Viewed in the context of the ASA's prosecutorial role, insufficient proof simply reflects the ASA's determination that she could not prove beyond a reasonable doubt that Stanley wrote the letter. By contrast, as discussed above, a police officer need only have probable cause, which "does not require the police to act as a judge or jury to determine whether a person's conduct satisfies all of the essential elements of a particular statute." *Cefalu v. Rocuskie*, No. 12 C 5995, 2014 WL 1563804, at *4 (N.D. Ill. Apr. 17, 2014) (internal quotation marks omitted); *see also Fleming v. Livingston County*, 674 F.3d 874, 879 (7th Cir. 2012) (explaining that the probable cause

"standard does not require that the officer's belief be correct or even more likely true than false, so long as it is reasonable" (internal quotation marks omitted)).

Finally, Stanley contends no reasonable officer could possibly have believed that he had committed the misdemeanor offense of Criminal Trespass to Vehicles based on the evidence available to Officer Defendants at the time of arrest. In making this argument, Stanley quotes the language of the relevant statute but cites no other authority to substantiate his claim that his arrest was plainly improper. This Court cannot agree that Officer Defendants lacked probable cause to arrest based on the facts before them. A person commits the Illinois misdemeanor of Criminal Trespass to Vehicles when he "knowingly and without authority enters any part of or operates any vehicle." 720 ILCS 5/21-2(a). It would have been reasonable for Officer Defendants to conclude, based on the lien release letter and Santander Defendants' filing of the misdemeanor complaint, that Stanley lost authority to enter the BMW by informing Santander Defendants that he no longer intended to make payments on his loan. *Cf. Sidney v. Alejo*, No. 16 C 2041, 2018 WL 3659352, at *5 (N.D. Ill. Aug. 2, 2018) ("[T]he case law suggests that police officers can act on criminal trespass complaints from security guards or employees without verifying whether they are legally authorized to order patrons to leave the premises."). While Stanley faults Officer Defendants for not investigating further before arresting him on the misdemeanor charge, no such investigation was required. *See, e.g.*, *Matthews v. City of East St. Louis*, 675 F.3d 703, 707 (7th Cir. 2012) ("[O]nce probable cause has been established, officials have no constitutional obligation to conduct further investigation in the hopes of uncovering potentially exculpatory evidence." (internal quotation marks omitted)).

In sum, the Court's previous conclusion that the allegations of Stanley's complaint, even when viewed in the light most favorable to him, establish that Officer Defendants had probable

cause to arrest Stanley on the misdemeanor charge is unaltered by Stanley's new allegations in the amended complaint. Consequently, Stanley has failed to state false arrest claims against Officer Defendants under either federal or Illinois state law. And because Stanley's § 1983 failure-to-intervene and conspiracy claims are derivative of his § 1983 false arrest claim, those claims are also dismissed. *See Gill v. County of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017) (dismissing related § 1983 conspiracy and failure-to-intervene claims where the underlying § 1983 false arrest claims failed).

### B.    Santander Defendants

According to Stanley, Santander Defendants are liable for his false arrest on the misdemeanor charge because Santander's agent, Beltran, filed the complaint underlying Stanley's arrest. Stanley's false arrest claims against Santander Defendants arise solely under Illinois state law. In Illinois, to state a false arrest claim, a plaintiff must allege "restraint or arrest caused or procured by the defendant, without his having reasonable grounds to believe that an offense was committed by the plaintiff." *Johnson v. Target Stores, Inc.*, 791 N.E.2d 1206, 1220 (Ill. App. Ct. 2003). An employer can be held liable "when the employer's agent causes an unwarranted arrest of a third person." *Carey v. K-Way, Inc.*, 728 N.E.2d 743, 746–47 (Ill. App. Ct. 2000). But a private defendant can be liable for a false arrest "only upon a showing that they commanded or mounted a campaign against the police in order to procure the plaintiff's arrest." *Gaddis v. DeMattei*, 30 F.4th 625, 633 (7th Cir. 2022).

This Court dismissed the false arrest claims against Santander Defendants in the original complaint, explaining that while the allegations suggested that Santander Defendants procured Stanley's arrest, the allegations also showed that they did so because they reasonably believed, based on the lien release letter, that Stanley was trying to defraud them. The Court further noted

that Stanley did not allege that Santander Defendants knew the lien release letter had been forged before Beltran filed the complaint underlying the misdemeanor charge. Thus, Stanley failed to allege that Santander Defendants lacked reasonable grounds to believe that Stanley committed an offense at the time they filed the misdemeanor complaint.

To demonstrate Santander Defendants had no reasonable basis to believe that Stanley committed the misdemeanor offense, Stanley points to two new allegations in the amended complaint. First, he relies on the ASA's rationale for not approving the felony charge. As explained above, the ASA's communication of her rationale to the CPD fails to negate Officer Defendants' probable cause to arrest Stanley on the misdemeanor charge. The ASA's decision not to approve a felony charge provides even weaker support for a false arrest claim against Santander Defendants, as no allegations in the amended complaint suggest that Santander Defendants ever learned why the ASA rejected a felony charge.

Next, Stanley asserts that Santander Defendants had "constructive notice" that the lien release letter was fraudulent because Santander had previous experience with a similar fraudulent lien release letter concerning a different borrower. (Compl. ¶¶ C, 7.) Yet Stanley cites no authority whatsoever to support his "constructive notice" theory of false arrest liability. The Court cannot conclude that Santander Defendants should have known Stanley did not commit the misdemeanor simply because, at some unspecified time in the past, Santander received a similar letter regarding a different borrower's loan. Even accepting that the single past experience should have alerted Santander Defendants to conduct a more thorough investigation of the letter supposedly sent by Stanley, their failure to do so was, at most, negligent, and therefore does not give rise to a false arrest claim. *See Randall v. Lemke*, 726 N.E.2d 183, 185 (Ill. App. Ct. 2000) ("[W]hen a citizen ***knowingly*** gives false information to a police officer, who then swears out a

complaint, the officer's action may be attributed to the citizen."); *cf. Gauger v. Hendle*, 954

N.E.2d 307, 329 ("Errors that are not grossly negligent do not affect the probable cause inquiry

when the complainant has an honest belief that the accused is probably guilty of the offense.").

The Court concludes that none of the allegations in Stanley's amended complaint support

a plausible inference that Santander Defendants lacked a reasonable belief that Stanley was

committing the misdemeanor offense. For that reason, the state-law false arrest claims against

Santander Defendants are dismissed.

## II.     Malicious Prosecution

In addition to the false arrest claims, Stanley asserts state-law malicious prosecution

claims against all Defendants for instituting and continuing proceedings on the misdemeanor

charge. To state a malicious prosecution claim in Illinois, a plaintiff must plead: "(1) the

commencement or continuance of an original criminal or civil judicial proceeding by the

defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of

probable cause for such proceeding; (4) the presence of malice; and (5) damages." *Logan v.

Caterpillar, Inc.*, 246 F.3d 912, 922 (7th Cir. 2001). Failure to plead even one element adequately

will preclude recovery for malicious prosecution. *Id.*

As with the false arrest claims, Stanley's malicious prosecution claims fail because the

amended complaint does not sufficiently allege the absence of probable cause for the

misdemeanor charge. "In the context of a malicious prosecution case, probable cause is defined as

a state of facts that would lead a person of ordinary care and prudence to believe or to entertain an

honest and sound suspicion that the accused committed the offense charged." *Sang Ken Kim v.

City of Chicago*, 858 N.E.2d 569, 575 (Ill. App. Ct. 2006). What matters is that the person

commencing the prosecution honestly believes that the accused is probably guilty of the offense

rather than "the actual facts of the case or the guilt or innocence of the accused." *Id.* at 574. Thus, "a mistake or error that is not grossly negligent will not affect the question of probable cause." *Id.* at 574–75.

Whereas the false arrest probable cause analysis considers the information known to the defendant at the time of the arrest, for a malicious prosecution claim, probable cause is determined based on "what the defendants knew at the time of subscribing a criminal complaint." *Gauger*, 954 N.E.2d at 329 (internal quotation marks omitted). But here, Stanley's arrest on the misdemeanor charge occurred right after the filing of the misdemeanor complaint. Given the Court's conclusion above that the allegations of Stanley's complaint establish that Officer Defendants had probable cause to arrest Stanley and that Santander Defendants had reasonable grounds to believe that Stanley had committed an offense, the Court cannot conclude that Defendants lacked probable cause to commence the misdemeanor proceeding. Accordingly, the malicious prosecution claims are dismissed as well.

### III.    State-Law Civil Conspiracy

A civil conspiracy claim "cannot stand where there are no underlying intentional torts that defendants could have conspired to perform." *Farwell v. Senior Servs. Assocs., Inc.*, 970 N.E.2d 49, 58 (Ill. App. Ct. 2012). Because the state-law false arrest and malicious prosecution claims underlying Stanley's state law conspiracy claim have been dismissed, the conspiracy claim must be dismissed as well. *See, e.g.*, *Estate of Brown v. Arc Music Grp.*, 830 F. Supp. 2d 501, 510 (N.D. Ill. 2011) ("[The plaintiff] has failed to allege adequately any of the tort claims underlying the alleged civil conspiracy, so it cannot stand.").

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (Dkt. Nos. 58, 60) are granted. Defendants request that this Court dismiss Stanley's amended complaint with prejudice. Because Stanley failed to remedy the deficiencies the Court previously identified in dismissing the original complaint and makes little progress toward stating a viable claim in the amended complaint, the Court agrees that the amended complaint should now be dismissed with prejudice. *See Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) ("District courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." (internal quotation marks omitted)). The Clerk will enter Judgment in favor of Defendants and this case will be closed.

ENTERED:

Dated:  September 19, 2022

_____
Andrea R. Wood
United States District Judge